ROGER K. LITMAN, 57634
Attorney at Law
Civic Center Square
2300 Tulare Street, Suite 230
Fresno, California 93721
Telephone: (559) 237-6000

Attorney for Defendant, GURMEET BISLA

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 08-00212 |
| ) | |
| v. ) | **ORDERS RE DEFENDANT GURMEET BISLA'S MOTIONS IN LIMINE AND SUPPLEMENTAL MOTIONS IN LIMINE** |
| GURMEET BISLA, ) | |
|     Defendant. ) | DATE: June 10, 2009 |
| ) | TIME: 9:00 a.m. |
| ) | Honorable Oliver W. Wanger |

TO:   LAWRENCE G. BROWN, ACTING UNITED STATES ATTORNEY AND KAREN ESCOBAR, HIS ASSISTANT:

### **MOTION IN LIMINE 1**

Defendant Gurmeet Bisla's Motion in Limine regarding canine alerts, the court determines that the "heightened reliability standard" set forth in *Grant v. City of Long Beach*, 315 F.3d 1081, 1086 (9th Cir. 2002) is the applicable test.

In order for the court to make a final ruling regarding the admissibility of evidence of passive alerts by "Boy 14," the government is ordered to provide to the defense the records of "Boy 14" relating to the canine's training, experience, dates of service, time out of service and other documentation contained in "Boy 14's" personnel file.

The court will defer ruling on this objection until such time as the defense has had an opportunity to review the requested information regarding "Boy 14."

The court will then determine whether passive alerts by "Boy 14" occur only under the "heightened reliability standard."

Until such time as the court rules on this motion in limine, no mention may be made of passive alerts by "Boy 14" in the party's opening statements.

## MOTION IN LIMINE II

Having considered defendant's motion in limine to exclude evidence on the grounds of relevancy, along with the argument of counsel on May 26, 2009, it is the order of the court that Defendant Bisla's Motion in Limine II is denied.

## MOTION IN LIMINE III

Having considered defendant's motion in limine to exclude evidence on the grounds of relevancy, along with the argument of counsel on May 26, 2009, it is the order of the court that Defendant Bisla's Motion in Limine III is denied.

## MOTION IN LIMINE IV

Having considered the defendant's motion in limine to exclude certain circumstances surrounding the arrest of Gurmeet Bisla, along with the arguments of counsel on May 26, 2009, it is the order of the court that the following is irrelevant and may not be elicited: (1) that an anonymous person contacted Officer Gomes (nee Harrigan) to report to her that a wanted person with felony warrants was currently at 1403 Conestoga Drive, (2) the fact that multiple officers responded to serve the warrants and (3) Mr.Bisla's response to the question posed by Officer Gomes," . . .if he understood the warrants that he was being booked on, that "[i]t probably has to do with the 180,000.00 that they got from me. . . ." is not admissible in the government's case in chief.  However, if Mr. Bisla testifies as a witness, the government may then cross-examine him concerning this statement made to Officer Gomes.

## MOTION IN LIMINE V

Having considered defendant Bisla's Motion in Limine to bifurcate the asset forfeiture allegations from those against him in Count I, along with the argument

2

of counsel on May 26, 2009, it is the order of the court that defendant Bisla's motion in limine for bifurcation is granted.

### MOTION IN LIMINE VI

Having considered defendant Bisla's Motion in Limine re *Bruton* issues, along with the argument of counsel on May 26, 2009, it is the order of the court that defendant Bisla's Motion in Limine is granted based on the representation from the government that no post arrest statements of co-defendants containing any reference to Mr. Bisla will be offered by the government.

### MOTION IN LIMINE VII

Having considered defendant Bisla's Motion in Limine for sanctions for failure to disclose the existence of a confidential informant, along with the argument of counsel on May 26, 2009, it is the order of the court that defendant Bisla's Motion in Limine VII is denied based on the representation of the government, and the finding of the court, that no confidential informant was utilized in the instant action.

### SUPPLEMENTAL MOTION IN LIMINE I

Having considered defendant Bisla's Motion in Limine for production, along with the argument of counsel on June 1, 2009, it is the order of the court that Supplemental Motion in Limine I is granted as the government agrees to provide, and has provided, the DEA-6 dated April 28, 2008.

### SUPPLEMENTAL MOTION IN LIMINE II.

Having considered defendant Bisla's Supplemental Motion in Limine II, along with the argument of counsel on June 1, 2009, it is the order of the court that this motion in limine is granted.

The court does not intend to introduce any post-arrest statements of co-defendants which implicate Gurmeet Bisla.

The court defers until a later date its determination whether other out-of-

court statements by co-defendants in this action are admissible as exceptions to the hearsay rule or on some other
evidentiary basis.

### SUPPLEMENTAL MOTION IN LIMINE III

Having considered defendant Bisla's Supplemental Motion in Limine III, along with the argument of counsel on June 1, 2009, it is the order of the court that this motion in limine is denied based on the representation of the government that the individual identified by Special Agent Riley as a source of information, who provided information in March of 2008, was not a government informant until January or February of 2009.

The government will provide, and in a timely manner will provide the DEA file concerning the agency's agreement with the informant, any contract signed, and all benefits provided or to be provided to the informant.

### SUPPLEMENTAL MOTION IN LIMINE IV

Having considered defendant Bisla's Supplemental Motion in Limine IV to exclude lay opinion of a source of information, it is the order of the court that, the government having represented to the court that testimony of the individual identified as a source of information will be based on that person's personal knowledge, the motion is denied.

However, once the identity of the source of information is provided on the first day of trial, defendant Bisla reserves his continuing objection to the lay opinion of the source of information that he/she "believes" that Mr. Bisla transported drugs for Jasdev Singh.

IT IS SO ORDERED.

**Dated:   June 11, 2009**              /s/ Oliver W. Wanger
                                         UNITED STATES DISTRICT JUDGE