```
 1  BENJAMIN B. WAGNER
    United States Attorney
 2  KAREN A. ESCOBAR
    Assistant U.S. Attorney
 3  2500 Tulare Street
    Fresno, California 93721
 4  Telephone: (559) 497-4000
```

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,         ) | 1:08-cr-0212 OWW |
| )                                    | |
| Plaintiff,     )                     | |
| )                                    | |
| v.                               )   | GOVERNMENT'S REQUEST |
| )                                    | FOR PRE-HEARING RULING RE: |
| )                                    | ATTORNEY-CLIENT PRIVILEGE |
| )                                    | WAIVER AND PROPOSED ORDER |
| GURMEET BISLA,                   )   | |
| )                                    | |
| )                                    | Date: November 5, 2010 |
| Defendant.    )                      | Time: 1:00 p.m. |
| _____)     | Place: Courtroom Three |
| | Honorable Oliver W. Wanger |

The United States of America, by and through its attorneys, BENJAMIN B. WAGNER, United States Attorney, and KAREN A. ESCOBAR, Assistant United States Attorney, hereby requests an additional ruling from this Court in advance of the competency hearing set in this matter on November 5, 2010. The basis for this request is that the defendant's expert, Dr. Terrell, has relied on attorney-client confidential communications in assessing the defendant's competency. In doing so, the government believes that such reliance constitutes a waiver of the attorney-client privilege.

////

1

1    Specifically, at page 5 of Dr. Terrell's initial evaluation
2 filed herein on May 10, 2010, reference is made to a letter
3 authored by the defendant's sister, Baljinder Singh, which
4 contains confidential communications the defendant and his family
5 had with Mr. Litman, the defendant's trial attorney:

> My family and myself explained to his previous lawyer, Mr. Litman, that Gurmeet was not mentally well, but I felt that he did not understand me. I would try to explain this to the lawyer but I felt that there was a language barrier and that he did not take the time to understand. The lawyer would always state, "There is no solid evidence on the case, and Gurmeet was going to be okay, not to worry."

11   Because the defendant has presented this communication in
12 support of his competency claim, he has therefore waived the right
13 to assert the attorney-client privilege. See, e.g., United States
14 v. Gurtner, 474 F.2d 297, 299 (9th Cir. 1973). Confidentiality,
15 once demonstrated, may be destroyed by waiver. See, e.g., United
16 States v. Gurtner, 474 F.2d 297, 299 (9th Cir. 1973); by public
17 use, Jack Winter, Inc. v. Koratron Company, Inc., 54 F.R.D. 44, 47
18 (N.D.Cal. 1971); by disclosure to third persons, United States v.
19 Johnson, 465 F.2d 793, 795 (5th Cir. 1972); Giordani v. Hoffmann,
20 278 F.Supp. 886, 889 (E.D.Pa. 1968). Because the defendant's
21 communications have been disclosed to third persons and made
22 public through the filing of Dr. Terrell's report, the defendant
23 has effectively waived any attorney-client privilege.
24   Accordingly, the government respectfully requests a ruling
25 from the Court in advance of the hearing allowing the government
26 ////
27 ////
28 ////

2

1 to question Mr. Litman with respect to the foregoing
2 communication.
3 DATED: November 3, 2010                    Respectfully submitted,

BENJAMIN B. WAGNER
United States Attorney

By: /s/ Karen A. Escobar
    KAREN A. ESCOBAR
    Assistant U.S. Attorney

O R D E R

Having considered the government's request for a pre-hearing order relating to the waiver of the attorney-client privilege and in light of legal authority,

IT IS HEREBY ORDERED THAT the defendant has waived his right to assert the attorney-client privilege with respect to any communications with Mr. Litman referenced in Dr. Terrell's report.

IT IS SO ORDERED.

**Dated:   November 4, 2010**            /s/ Oliver W. Wanger
                                         UNITED STATES DISTRICT JUDGE

3