1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                    EASTERN DISTRICT OF CALIFORNIA

8

9  UNITED STATES OF AMERICA,        )      1:08-cr-0212 OWW
                                    )
10                 Plaintiff,        )      STATEMENT OF DECISION AND
                                    )      ORDER RE COMPETENCY
11       v.                         )      EXAMINATION
                                    )
12  GURMEET BISLA,                   )
                                    )
13                 Defendant.        )
                                    )
14  _____ )

15

16       On November 5, 9, and 12, 2010, the above-captioned case

17  came on for a mental competency hearing before the Court.  At

18  that time the Defendant was personally present and was

19  represented by his attorneys, Woodrow E. Nichols, Jr., and Mario

20  DiSalvo.  The United States was represented by Assistant U.S.

21  Attorney Karen A. Escobar.

22       Testimony was taken from two qualified and competent mental

23  health professionals, both of whom have previously testified in

24  this Court: Dr. A.A. Howsepian, M.D., Ph.D., retained by the

25  government, and Dr. Howard Terrell, M.D., Board Certified

26  Forensic Psychiatrist, retained by the Defendant.  These

27  witnesses are competent and testified in good faith.  They gave

28  diametrically opposed, contradictory and conflicting medical

                                   1

1   opinions as to Defendant's mental competency.  Dr. Howsepian

2   opined that Defendant was malingering and was mentally competent

3   at all relevant times.  Dr. Terrell opined that Defendant suffers

4   from psycho affective disorder and was mentally incompetent at

5   relevant times.

6       There is no question about Defendant's commission of the

7   crime.  No insanity defense was raised and no basis for a finding

8   of insanity was claimed or presented.  Dr. Terrell opined Bisla

9   does not meet the legal standard for insanity.  Question has been

10  raised as to the competency of the Defendant at three different

11  time periods:  1) Is the Defendant mentally competent to be

12  sentenced at this present time  and does he know and understand

13  the sentencing process?  2) Was the Defendant competent pre-trial

14  when former counsel, Mr. Litman, represented him, to make an

15  informed decision about the plea offer and whether to accept it

16  or not?  3) Was Mr. Bisla mentally competent during trial to

17  understand the proceedings and assist in his own defense?

18      Due to the experts' conflicting opinions, probable cause has

19  been established to question the mental competency of the

20  Defendant.  An independent mental examination is required, based

21  on conflicting evidence, and the evidence on one side is

22  sufficient to create reasonable cause to believe that the

23  Defendant may be presently suffering from a mental disease or a

24  defect rendering him mentally incompetent to understand the

25  nature of the sentencing proceedings that are pending against

26  him.  This dispute cannot be resolved without expert mental

27  health professional assistance.

28      IT IS ORDERED that Defendant Gurmeet Bisla is committed to

2

1   the custody of the Attorney General to be examined, pursuant to

2   Title 18, United States Code, Section 4241, to be treated in a

3   suitable facility for a reasonable time, not to exceed four

4   months as is necessary to determine whether there is a

5   substantial probability that in the foreseeable future, the

6   Defendant will attain the capacity to permit the sentencing

7   proceedings to go forward; and if required for an additional

8   period of time until his mental condition is so improved, that

9   sentencing may proceed;

10      FURTHER ORDERED, if it is possible, that Defendant be

11  examined to determine whether he was mentally incompetent at the

12  time when Mr. Litman represented him to make an informed decision

13  about the plea offer and whether to accept it or not;

14      FURTHER ORDERED, if possible, that the Defendant be examined

15  to determine whether he was mentally competent during trial when

16  Mr. Litman represented him;

17      FURTHER ORDERED that the director of the facility in which

18  Defendant is hospitalized submit a psychiatric or psychological

19  report to the Court, pursuant to Title 18, United States Code,

20  Sections 4241(b) and 4247(b) and (c), regarding the Defendant's

21  mental competency on or before February 23, 2011; and

22      FURTHER ORDERED that, upon examination of the Defendant,

23  should the Defendant require psychiatric or medical treatment,

24  such treatment shall commence immediately for a reasonable period

25  of time, not to exceed four months.

26  IT IS SO ORDERED.

27  Dated:    November 23, 2010           _____/s/ Oliver W. Wanger_____
                                          UNITED STATES DISTRICT JUDGE
28

**3**