# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GURMEET SINGH BISLA,** <br><br> **Petitioner,** <br><br> v. <br><br> **UNITED STATES OF AMERICA,** <br><br> **Respondent.** | **CASE NO. 1:08-CR-0212 AWI-4** <br> **(1:16-CV-1890 AWI)** <br><br> **ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS UNTIMELY** |

Petitioner Gurmeet Singh Bisla challenges his sentence and conviction through this motion to set aside or vacate under 28 U.S.C. § 2255.

On November 16, 2012, following a jury trial in 2010 and subsequent competency proceedings, Petitioner was sentenced to 192 months in custody for violations of 21 U.S.C. §§ 841 and 846, conspiracy to distribute and possess with the intent to distribute cocaine. See Doc. No. 488.

Following a direct appeal, the Ninth Circuit affirmed Petitioner's conviction on February 27, 2014. See Doc. No. 509. Petitioner did not seek review from the Supreme Court. See Doc. No. 520 at p.2 ¶ 9(g).

On June 23, 2016, the Court issued an amended judgment that reduced Petitioner's sentence from 192 months to 150 months. See Doc. No. 518. The judgment was reduced pursuant to 18 U.S.C. § 3582(c)(2) and by stipulation. See Doc. Nos. 515, 516, 517.

On December 19, 2016, Petitioner filed this § 2255 petition.

Section 2255 contains a 1-year statute of limitations in which to file a petition to vacate, set aside, or correct. 28 U.S.C. § 2255(f); United States v. Buckles, 647 F.3d 883, 887 (9th Cir.

2011). The 1-year limitation period runs from the latest of: "(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of [federal law] is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f). Generally, "[f]inality attaches when the Supreme Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." Buckles, 647 F.3d at 887. However, even if the 1-year limitations period has run, a petitioner may be entitled to "equitable tolling." Id. "A § 2255 movant is entitled to equitable tolling only if he shows: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. Although § 2255(f)'s 1-year limitations period may be raised *sua sponte*, the court must give the petitioner notice and an opportunity to respond before dismissing the case. See Herbst v. Cook, 260 F.3d 1039, 1043-44 (9th Cir. 2001).

Here, because the petition does not suggest a different starting point, it appears that § 2255(f)(1) sets the date that Petitioner's 1-year limitations period began to run. Because Petitioner filed a direct appeal and did not file a petition for certiorari with the Supreme Court, Petitioner's conviction became final in May 2014. See Supreme Ct. R. 13; Buckles, 647 F.3d at 887-89. It is true that an "amended judgment" was entered in June 2016. However, as noted above, the amended judgment was a sentence reduction under § 3582(c)(2). Amended judgements under § 3582(c)(2) do not constitute new intervening judgments and thus, do not reset the clock for filing a § 2255 petition. Sherrod v. United States, 858 F.3d 1240, 1241-42 (9th Cir. 2017); White v. United States, 745 F.3d 834, 836-37 (7th Cir. 2014). Because the § 3582 amended judgment does not affect "finality," under § 2255(f)(1), Plaintiff had until May 2015 in which to file this petition. However, this petition was not filed until December 19, 2016. Thus, on its face the petition is untimely by over a year and a half.

In accordance with *Herbst*, the Court will give Petitioner the opportunity to show that this petition is timely. In order to avoid dismissal, Petitioner must demonstrate either compliance with § 2255(f)'s 1-year limitations period or that he is entitled to equitable tolling.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Petitioner is to show cause in writing why his § 2255 petition should not be dismissed as barred under the one-year limitations period of § 2255(f). Petitioner shall show cause in writing within thirty (30) days of service of this order. Petitioner's response shall be entitled "Response to Order to Show Cause," and shall set forth specific facts regarding compliance with § 2255(f) or the applicability of equitable tolling to this case. If Petitioner does not respond timely to this order, the petition will be dismissed as time barred, and the case will be closed without further notice.

IT IS SO ORDERED.

Dated:  September 6, 2019   _____
SENIOR DISTRICT JUDGE