# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GURMEET SINGH BISLA,**<br><br>**Petitioner,**<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>**Respondent.** | **CASE NO. 1:08-CR-0212 AWI-4**<br>**(1:16-CV-1890 AWI)**<br><br>**ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS UNTIMELY** |

Petitioner Gurmeet Singh Bisla challenges his sentence and conviction through this motion to set aside or vacate under 28 U.S.C. § 2255.

On November 16, 2012, following a jury trial in 2010 and subsequent competency proceedings, Petitioner was sentenced to 192 months in custody for violations of 21 U.S.C. §§ 841 and 846, conspiracy to distribute and possess with the intent to distribute cocaine. See Doc. No. 488.

Following a direct appeal, the Ninth Circuit affirmed Petitioner's conviction on February 27, 2014. See Doc. No. 509. Petitioner did not seek review from the Supreme Court. See Doc. No. 520 at p.2 ¶ 9(g).

On June 23, 2016, the Court issued an amended judgment that reduced Petitioner's sentence from 192 months to 150 months. See Doc. No. 518. The judgment was reduced pursuant to 18 U.S.C. § 3582(c)(2) and by stipulation. See Doc. Nos. 515, 516, 517.

On December 19, 2016, Petitioner filed this § 2255 petition.

On September 6, 2019, the Court determined that Petitioner's petition appeared untimely, per 28 U.S.C. § 2255(f). Although an amended judgment had been entered in 2016, amended

judgments pursuant to 18 U.S.C. § 3582 do not reset the clock for filing a § 2255 petition. Sherrod v. United States, 858 F.3d 1240, 1241-42 (9th Cir. 2017). Therefore, the Court ordered Petitioner to show cause why his petition should not be dismissed as untimely. See Doc. No. 523. The Court expressly warned Petitioner that if he did not timely respond to the order, his petition would be dismissed as time barred without further notice. See id.

Petitioner has not responded to the order to show cause. A docket notation indicates that the order to show cause was returned as undeliverable. See Doc. No. 524.

In the absence of a response, the Court's prior analysis in the September 6, 2019 order to show cause now governs. The Court concludes that Petitioner's conviction became final in May 2014, that he had until May 2015 in which to file a § 2255 petition, and that his petition (filed in December 2016) is untimely and therefore time barred by § 2255(f). See Doc. No. 523.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Petitioner's § 2255 petition (Doc. No. 520) is DENIED as time barred.

IT IS SO ORDERED.

Dated: November 19, 2019

_____
SENIOR DISTRICT JUDGE